# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**GOLDEN GLOW TANNING SALON, INC.**                                  **PLAINTIFF**

**VERSUS**                                                  **CAUSE NO.** 1:20cv103-GHD-DAS

**CITY OF COLUMBUS, MISSISSIPPI**                                      **DEFENDANT**

                                                                                          **JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover damages against the City of Columbus, Mississippi for a violation of United States Constitution Amendments Four, Five, and Fourteen, and for a violation of the Mississippi Constitution, § 17. The following facts support this action:

1.

Plaintiff GOLDEN GLOW TANNING SALON, INC. is a Mississippi corporation, which is in the business of providing artificial tanning services.

2.

Defendant CITY OF COLUMBUS, MISSISSIPPI (hereinafter "Defendant City" or "City") is a political subdivision of the State of Mississippi. Defendant City may be served with process through its mayor, Robert E. Smith, Sr., 523 Main Street, Columbus, Mississippi 39701. Defendant City operated jointly with the Governor of Mississippi and aided and abetted the Governor of Mississippi to promulgate and enforce policies which violated Plaintiff's constitutional rights. At all relevant times, Defendant acted under color of state law.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, and civil rights jurisdiction under 28 U.S.C. § 1343, to redress claims authorized by 42 U.S.C. § 1983, and arising under United States Constitution Amendments Four, Five and, Fourteen and Miss. Const., § 17. This Court has supplemental jurisdiction over Plaintiff's state law claim for a violation of Miss. Cont., § 17.

4.

Beginning in January 2020, or earlier, many citizens of the United States, especially citizens of the State of New York, became ill with a disease known as Covid-19, a virus which the World Health Organization classified as a pandemic on March 11, 2020. On March 16, 2020, with an update of April 17, 2020, the United States Department of Homeland Security ("DHS") issued an advisory list of "essential occupations," a list designed to advise state and local authorities on occupations which the DHS considered to be "essential." This list does not advise or encourage any state or local authority to close any business.

5.

In response to the spread of Covid-19, most, but not all, states of the United States, led by the State of New York, issued Executive Orders, which had the goal of controlling the spread of Covid-19 so as not to overrun hospitals and medical care providers. The states used the DHS list to designate certain occupations as "essential."

6.

Consistent with the national trend, the Governor of Mississippi, on March 24, 2020, issued Executive Order No. 1463, which listed some businesses as essential. Executive Order No. 1463,

dated March 24, 2020, attached hereto as Exhibit "A." The "essential" businesses included not only businesses listed by the DHS as essential, but also added businesses with strong lobbyists, such as "automobile sales" and "legal services."

7.

On April 1, 2020, the Governor of Mississippi issued Executive Order No. 1466, which specified certain businesses as not "essential" businesses, but stated that the term "essential healthcare" was to be construed broadly. The Governor's Executive Order No. 1466 provided, in part: "Essential Healthcare Operations . . . does not include fitness and exercise gyms, dance studios, clubs, tattoo parlors, spas, salons, barbers shops, and other similar personal care and grooming facilities." Notably, the Governor's Executive Order No. 1466 does not specifically address tanning salons. *See* Executive Order No. 1466, dated April 1, 2020, at ¶ 1(e)(I), attached hereto as Exhibit "B,"

8.

On April 24, 2020, the Governor of Mississippi issued Executive Order No. 1477, which provides in paragraph (I)(h)(ix): "Fitness and exercise gyms, dance studios, clubs, tattoo parlors, spas, salons, barber shops, and all other personal care and personal grooming facilities shall remain closed. . . ." *See* Executive Order No. 1477, dated April 24, 2020, attached hereto as Exhibit "C." Again, the Governor's Executive Order does not address tanning businesses. The Governor of Mississippi, like the governors of most other states, changed the DHS's regulation from a regulation encouraging the operation of businesses, a regulation which closed "nonessential" businesses.

9.

The Governor of Mississippi and the State of Mississippi are immune from suit for damages in federal court under the Eleventh Amendment.

10.

The Governor did not dispatch any State police force, State highway patrol, or any other state enforcement official into Lowndes County, Mississippi to enforce the Governor's business-closing orders, even if the order were intended to close tanning businesses. Instead, the Governor relied upon enforcement by local governments.

11.

On March 21, 2020, Defendant City enacted an Ordinance which provided that a few businesses were ordered to be closed. Specifically, Section 2 of the Ordinance dated March 21, 2020, provides:

> Because of the likelihood of close person-to-person contact, which increases dramatically the likelihood of the spread of infectious disease, effective at 5:00 p.m. on March 21, 2020, and continuing until further action of the Mayor and Council of the City of Columbus, all bars, nightclubs, meetings of fraternal and civic organizations, child care facilities, bowling alleys, recreational facilities, skating rinks, tattoo parlors, gyms, barbershops, hair/beauty and nail and tanning salons, spas, convention centers, community centers, and parks shall be closed for business. This Section also applies to municipally owned convention spaces, community centers and parks and persons who have rented municipally owned facilities shall be entitled to a full refund of any rental sums and deposits paid.

A Resolution of the Mayor and City Council of the City of Columbus, Mississippi, Declaring a Civil Emergency, and for the Control of Contagious and Infectious Diseases, and Related Purposes, dated March 21, 2020, attached hereto as Exhibit "D."

12.

Some of the above statements in Section 2 of Defendant City's Ordinance is without factual

4

basis when applied to the tanning business. A tanning business does not to "increase[] dramatically the likelihood of the spread of infectious disease." There is no increased "likelihood of close person-to-person contact" with respect to tanning businesses. To the contrary, there is a diminished unlikelihood of any person-to-person contact because each customer tans in an individual tanning booth.

13.

Defendant City entered an amendment of March 21, 2020 Ordinance to provide for a fine of $1,000.00 and imprisonment not exceeding ninety (90) days for a violation fo the Ordinance. *See* Ordinance Amending Chapter 1, Code of Ordinances of the City of Columbus, Mississippi - General Provisions, is attached hereto as Exhibit "E."

14.

The effect of the Ordinance of Defendant City is to take and seize Plaintiff's tanning business, and to provide criminal penalties if Plaintiff's business be opened.

15.

By Executive Order No. 1480, Friday, dated May 8, 2020, the Governor of Mississippi allowed "personal care and personal grooming facilities. . . ." to reopen subject to detailed regulations. *See* Executive Order No. 1480, attached hereto as Exhibit "F."

16.

On Saturday, May 9, 2020, Defendant City allowed businesses previously labeled "nonessential," including Plaintiff's tanning business, to be reopened subject to intensive regulation. *See* The Dispatch article entitled *Columbus barbershops, salons and gyms can reopen Monday with restrictions*, attached hereto as Exhibit "G."

17.

The passage of a City ordinance providing for a fine and imprisonment for Plaintiff if it opened its tanning business operates as a "taking" of Plaintiff's property for public use without paying just compensation. Plaintiff has suffered a permanent loss of property in the form of income in the amount that would have earned had Defendant City not caused the closing of its business. Plaintiff will suffer a future loss of income because the City's action creates the false perception in the public that the tanning business is an unusually dangerous business, since that it is one of the few businesses which was closed for reasons of public safety. Further, because Covid-19 is a danger that will always be with us, Defendant City may again close Plaintiff's business, even though it allowed the business to reopen effective May 11, 2020.

18.

The Fifth Amendment of the United States Constitution provides, in part: "[N]or shall private property be taken for public use, without just compensation." The Mississippi Constitution provides: "Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof. . . ."

19.

Neither United States Constitution Amendment Five, nor Miss. Const., § 17, provides for any exception to the obligation of governments to pay just compensation when property (money and an ongoing business) is taken for public use, even if there be a pandemic, or any other emergency.

20.

Nevertheless, in a judicial modification of the text of the United States Constitution, there are precedents which have permitted the taking of property without payment of just compensation.

Some courts have recognized a "doctrine of necessity," under which compensation need not be paid if property is taken when there was an "imminent danger and an emergency giving rise to actual necessity."

21.

There is no "imminent danger and actual emergency giving rise to actual necessity" by operating a tanning business, and the taking of Plaintiff's property by closing his business is not an actual necessity. There is no actual necessity, since:

A. Municipalities throughout the State have allowed tanning bed businesses to operate during the pandemic;

B. Tanning beds involve less extensive human contact than do many other businesses, which Defendant City has never closed;

C. The President of the United States has stated that heat and ultraviolet rays kill the virus;

D. Plaintiff always sanitizes its beds with a special tanning bed sanitizer that states on the label that it kills coronavirus;

E. Plaintiff has many customers who use the tanning beds for medical conditions, including eczema, psoriasis, arthritis, and similar skin conditions;

F. It is generally known that some dermatologists prescribe tanning beds for treatment of various skin conditions. Further, some scientists believe Vitamin D diminishes the effects of a virus. *See* Internet Articles, attached hereto as collective Exhibit "H";

G. Plaintiff can easily comply with any governmental safety guidelines applicable to businesses which are allowed to stay open; and

H. The Governor of the State of Mississippi in a Facebook posting, attached hereto as Exhibit "I," states that he believes that "there is no such thing as a non-essential business."

22.

In short, assuming that there is a doctrine of "actual necessity," which would excuse the payment of just compensation, there was no "actual necessity" to close a tanning bed business.

**(Taking of Property Without Just Compensation)**

23.

The closing of Plaintiff's tanning bed business constitutes a taking and damaging of Plaintiff's property (money and an active business) and, therefore, violates United States Constitution Amendments Five and Fourteen, and Miss. Const., § 17.

**(Equal Protection)**

24.

The closing of Plaintiff's business violates the equal protection clause of the Fourteenth Amendment. Because tanning beds pose less of a threat of spreading Covid-19 than most businesses, closing tanning bed businesses based on a fear they spread Covid-19 is not rational. Furthermore, because the right to earn a living is a fundamental "property" and "liberty right" under United States Constitution Amendment Fourteen, Defendant City is required to show a "compelling state interest" in selecting Plaintiff's tanning business for closure, while allowing favored businesses to operate. The Ordinance's direction to close Plaintiff's tanning business was not "narrowly tailored" to serve any compelling state interest, as is required when the fundamental right to operate one's own business and earn a livelihood is at stake.

25.

Defendant City can show neither a compelling state interest, nor even a rational state interest in closing Plaintiff's business. Defendant City's Ordinance is irrationally directed to tanning bed

businesses, which is a business which minimizes person-to-person contact. See Affidavit of Dr. Mike Berry, Exhibit "J."

**(Unreasonable Seizure)**

26.

Ordering the closing of a tanning bed business violates the requirement of United States Constitution Amendments Four and Fourteen, that the seizure of property be "reasonable." To order the closing of tanning bed businesses, where there is minimal personal contact, but to allow the operation of other businesses where there is much personal contact, demonstrates that the Ordinance closing tanning bed businesses are not "reasonable," as required by the Fourth and Fourteenth Amendments of the United States Constitution.

**(Procedural Due Process)**

27.

Defendant City's Ordinance of March 21, 2020, closing Plaintiff's tanning bed business, violates Plaintiff's procedural due process rights guaranteed by the Fourteenth Amendment of the United States Constitution, since:

A. Plaintiff was never given notice of hearing or hearing in order to challenge the determination that the tanning bed business "increased dramatically the spread of infectious disease," or to challenge the determination that the tanning bed business has a "likelihood of close person-to-person contact"; and

B. Defendant City's Ordinance of March 21, 2020, does not define the terms "essential" and "nonessential." There are no objective standards for determining which businesses are "essential." A city violates due process when it takes property under law "which is so standardless that it invites arbitrary enforcement."

**(Substantive Due Process)**

28.

Defendant City's Ordinance is arbitrary because it was largely adopted by copying from ordinances of other states and/or municipalities, without regard to whether local conditions warranted the extreme measure of closing any business or whether closing tanning businesses would diminish any risk of Covid-19.

29.

Plaintiff has suffered lost income and loss of the value of Plaintiff's business.

**REQUEST FOR RELIEF**

Plaintiff, therefore, requests actual damages in an amount to be determined by a jury, requests an injunction enjoining Defendant City from again closing Plaintiff's business in the future without providing for just compensation and for notice and opportunity to be heard regarding whether the business should be closed. Plaintiff requests an injunction holding that the portion of the March 21, 2020 Ordinance which closes Plaintiff's business is unconstitutional both facially and as applied.

Plaintiff also requests reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED, this the 20th day of May, 2020.

            GOLDEN GLOW TANNING SALON, INC.,
            Plaintiff

      By:  */s/ Jim Waide*
          Jim Waide, MS Bar No. 6857
          waide@waidelaw.com
          WAIDE & ASSOCIATES, P.A.
          332 North Spring Street
          Tupelo, MS 38804-3955
          Post Office Box 1357
          Tupelo, MS 38802-1357
          (662) 842-7324 / Telephone
          (662) 842-8056 / Facsimile

            ATTORNEY FOR PLAINTIFF